**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Betty Fisher, Petitioner,

v.

Bessie Huckabee, Respondent.

Lisa Fisher, Petitioner,

v.

Bessie Huckabee, Respondent.

Appellate Case No. 2017-000743

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Memorandum Opinion No. 2018-MO-041
Submitted November 28, 2018 – Filed December 12, 2018

**AFFIRMED IN PART, REVERSED IN PART**

Lisa Fisher and Betty Fisher, both of Long Beach, California, *pro se*, Petitioners.

Jessica Lynn Crowley, of Crowley Law Firm, LLC, of Charleston, for Respondent.

**PER CURIAM:**  We granted Petitioners' petition for a writ of certiorari to review the court of appeals' decision in *Fisher v. Huckabee*, Op. No. 2016-UP-528 (S.C. Ct. App. filed Dec. 21, 2016).  In an opinion filed contemporaneously with this one, the Court affirmed the jury's verdict upholding the validity of Alice Shaw-Baker's last will, which renders moot Petitioners' challenge to the appointment of Respondent Bessie Huckabee to serve as her personal representative.  *See Fisher v. Huckabee*, Appellate Case No. 2018-000566 (the will contest).  The gravamen of this case was whether Lisa Fisher or a court-appointed special fiduciary should retain the estate assets until the propriety of Huckabee's appointment could be finally determined in the will contest.  Because Respondent Huckabee's status as personal representative has been finally determined, we affirm that part of the court of appeals' decision which would require all estate assets to be delivered to Huckabee, in her capacity as Shaw-Baker's personal representative.

We affirm the lower courts' determination that Lisa Fisher is not entitled to any additional conservator fees.  We therefore reverse the court of appeals as to this issue, removing the need for a remand.

As a result of our decision here, this matter does not require any additional proceedings.  This case is concluded.

**AFFIRMED IN PART, REVERSED IN PART.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**